## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KAREEM BLOCKER,**<br><br>    Plaintiff,<br><br>    v.<br><br>**CAPTAIN STOWE,** *et al.*,<br><br>    Defendants. | Case No. 24–cv–07485–ESK–SAK<br><br><br>OPINION |

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on *pro se* plaintiff Kareem Blocker's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Complaint). (ECF No. 1.)  Because plaintiff has been granted *in forma pauperis* status, I must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2).  For the following reasons, I will dismiss the Complaint without prejudice.  28 U.S.C. § 1915(e)(2)(B)(ii).

### I.   FACTS AND PROCEDURAL HISTORY

    Plaintiff alleges that he is being subjected to unconstitutional conditions of confinement within the Atlantic County Jail (Jail).  (ECF No. 1 p. 5.)  He states that he is constantly smelling other detainees' bowel movements because the Jail lacks proper ventilation.  (*Id.*)  He states that he has a fractured left leg that is not being treated and that the Jail is infested with lice and bedbugs.  (*Id.* p. 6)  Plaintiff asks the court to release him from jail, award him $2.5 million, and direct Captain Stowe and Warden Michael Kelly to resign.  (*Id.* p. 7.)

## II. LEGAL STANDARD

The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit.  28 U.S.C. § 1915(e)(2).

To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim."  *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023).  Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).at 251).

## III. DISCUSSION

The Complaint is at time hard to read due to plaintiff's handwriting, but I interpret the Complaint to raise claims of unconstitutional punishment and denial of medical care.  However, plaintiff has not alleged sufficient facts to state these claims.

Detainees may not be punished before adjudications of guilt. *Hope v. Warden York County Prison*, 972 F.3d 310, 325 (3d Cir. 2020). "The touchstone for the constitutionality of detention is whether conditions of confinement are meant to punish or are 'but an incident of some other legitimate governmental purpose.'" *Id.* at 326 (quoting *Hubbard v. Taylor*, 538 F.3d 229, 232 (3d Cir. 2008) ("*Hubbard II*")). The question turns on whether conditions are "'reasonably related to a legitimate governmental objective.'" *Id.* (quoting *Hubbard II*, 538 F.3d at 236). If detainees "are subject to conditions unrelated to a legitimate governmental objective," courts may "may infer that the purpose of the governmental action is punishment that may not be constitutionally inflicted upon detainees *qua* detainees." *Id.* (cleaned up). Courts must "consider the totality of the circumstances of confinement, including any genuine privations or hardship over an extended period of time, and whether conditions are (1) rationally related to their legitimate purpose or (2) excessive in relation to that purpose." *Id.* (citing *Hubbard v. Taylor*, 399 F.3d 150, 159–60 (3d Cir. 2005) ("*Hubbard I*")). Plaintiff has not provided enough information for me to analyze the totality of the circumstances and to reasonably infer that he is being subjected to unconstitutional punishment as opposed to conditions that are merely uncomfortable. *See Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) ("[T]he Constitution does not mandate comfortable prisons … .")

Plaintiff also has not alleged facts that would allow me to reasonably infer that Captain Stowe and Warden Kelly were personally responsible for the conditions. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of

participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.* I will dismiss this claim without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also has not stated a claim for denial of medical care. Claims by pretrial detainees for failure to provide adequate medical care arise under the Fourteenth Amendment Due Process Clause and are analyzed "under the standard used to evaluate similar claims brought under the Eighth Amendment[.]" *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). "In order to sustain this claim under 42 U.S.C. § 1983, a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (alteration in original) (footnote omitted) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). The Third Circuit has found deliberate indifference "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Parkell v. Danberg*, 833 F.3d 313, 337 (3d Cir. 2016) (internal citations omitted).

Here, plaintiff has not provided enough information about his leg and the surrounding circumstances such that I could reasonably infer that Captain Stowe and Warden Kelly knew about plaintiff's injury and intentionally interfered with his ability to obtain medical treatment. I will dismiss this claim without prejudice as well. 28 U.S.C. § 1915(e)(2)(B)(ii).

Generally, "[a] plaintiff[ ] who file[s a] complaint[ ] subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Because plaintiff may be able to allege facts that would cure the

4

deficiencies identified above, I will grant plaintiff 45 days to submit a proposed amended complaint. The proposed amended complaint will be subject to my § 1915 review prior to service. Failure to submit a proposed amended complaint within 45 days of the accompanying order will convert the order into a dismissal of all claims with prejudice without further action by the Court.[1]

## IV. CONCLUSION

For the reasons stated above, I will dismiss the Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff may submit a proposed amended complaint within 45 days. An appropriate Order accompanies this Opinion.

                                                                /s/ Edward S. Kiel
                                                                **EDWARD S. KIEL**
                                                                UNITED STATES DISTRICT JUDGE

Dated: February 19, 2025

---

[1] Plaintiff should note that I cannot order his release from custody in a civil rights action. That kind of relief is only available in a habeas corpus action. *See Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) ("[W]here the deprivation of rights is such that it necessarily impacts the fact or length of detention … the Supreme Court has made it clear that for those cases, the narrower remedy, the habeas petition, is the only available avenue of relief.")